USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DBY (a deceased minor child); ROCHELLE EVELYN a/k/a "Rachel baht Yahudah"; ROYCE CORLEY a/k/a "Yisrael ben Yahudah",

                Plaintiffs,

-against-

RANTAB ENTERPRISES INCORPORATED d/b/a "Rantab Restaurant Cuisine"; ANJALI SINGH, M.D.; CHRISTINA LIU, M.D.; JANE DOE, in their individual and official capacities as employees of ST LUKE'S – ROOSEVELT HOSPITAL CENTER a/k/a "Mount Sinai Morningside"; NYPD OFFICER #1; NYPD OFFICER #2; JOHN DOE in their individual and official capacities as public officers of the City of New York; ST. LUKE'S – ROOSEVELT HOSPITAL CENTER; CITY OF NEW YORK,

                Defendants.

---

1:24-CV-0528 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

    Plaintiffs Rochelle Evelyn (also known as Rachel baht Yahudah) ("Evelyn") and Royce Corley (also known as Yisrael ben Yahudah) ("Corley"), who allege that they are married to each other, appear *pro se* and have filed this action invoking the Court's federal-question, diversity, and supplemental jurisdiction. They assert claims under 42 U.S.C. § 1983 and under state law, seeking damages and declaratory relief. Plaintiffs Evelyn and Corley (collectively referred to as "Plaintiffs") assert claims on their own behalf and on behalf of their deceased daughter, DBY, whom they describe as having died as a 20-week-old stillborn fetus.[1] Plaintiffs sue: (1) Rantab

---

[1] The Complaint names DBY, Plaintiffs' deceased minor child, as another plaintiff in this action, revealing her full name. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, however, court submissions must not refer to the full name of a minor child; they may only refer to a minor child by using the child's initials. In light of this rule, the Court has directed the Clerk of Court to refer to Plaintiffs' deceased minor child as "DBY" in the electronic caption on this

Enterprises Incorporated ("Rantab"), which Plaintiffs allege is a New York corporation "that owned and operated a restaurant located [in] . . . Brooklyn"; (2) Anjali Singh, M.D., a physician employed at the Manhattan hospital formerly known as St. Luke's-Roosevelt Hospital Center ("St. Luke's"), and currently known as Mount Sinai Morningside; (3) Christina Liu, M.D., another physician employed at St. Luke's; (4) "Jane Doe," an unidentified St. Luke's administrator; (5) St. Luke's; (6) unidentified "NYPD Officer #1 (an older short white male police officer approx[imately] 50-60 years old)"; (7) unidentified "NYPD Officer #2 (a younger tall [H]ispanic male police officer approx[imately] 30-40 years old)"; (8) an unidentified "supervising [police] officer John Doe" ("Supervising Officer John Doe"); and (9) the City of New York.[2]  (ECF 1, at 2-3.)  The Court construes the Complaint as asserting claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as claims under state law.

By the orders dated February 2, 2024 (ECF 4 and 5), the Court granted Plaintiffs' applications to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  For the reasons set forth below, the Court: (1) directs the Clerk of Court to drop DBY as a plaintiff, add the Estate of DBY as a plaintiff, drop St. Luke's as a defendant, and to add Mount Sinai Morningside as a defendant, pursuant to Rule 21 of the Federal Rules of Civil Procedure; (2) dismisses, without prejudice, the claims that Plaintiffs assert on behalf of the Estate of DBY *pro se*; (3) directs service on the identified defendants, including Defendants Rantab, Singh, Liu, Mount Sinai Morningside, and the City of New York; and (4) directs the Corporation Counsel of the City of New York and counsel for Mount Sinai Morningside to provide the full names,

---

action, and to restrict electronic access to the Complaint to a "case participant-only" basis.  The Court will refer to Plaintiffs' deceased minor child as "DBY" throughout this order.

[2] Plaintiffs sue the individual defendants in their official and individual capacities.

2

service addresses and, if appropriate, badge numbers, of the unidentified defendants to Plaintiffs and to the Court.

## DISCUSSION

**A.     Rule 21 of the Federal Rules of Civil Procedure**

Because Plaintiffs allege that DBY is deceased, the Court construes their *pro se* Complaint as naming the Estate of DBY, rather that DBY herself, as a plaintiff in this action.  In addition, because Plaintiffs allege that St. Luke's is now known as Mount Sinai Morningside, the Court construes their *pro se* Complaint as naming Mount Sinai Morningside, rather than St. Luke's, as a defendant in this action.  Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court directs the Clerk of Court to drop DBY as a plaintiff, add the Estate of DBY as a plaintiff, drop St Luke's as a defendant, and add Mount Sinai Morningside as a defendant.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

**B.     Claims Brought on Behalf of the Estate of DBY**

The Court understands that Plaintiffs are collectively asserting claims on behalf of the Estate of DBY *pro se*.  Where, as here, however, there are multiple survivors to a deceased's estate (Plaintiffs Evelyn and Corley, respectively), claims cannot be asserted by any of those survivors (collectively or individually) on behalf of that estate *pro se*.  *Compare Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and *sole beneficiary* of an estate with no creditors seeks to appear *pro se* [in federal court] on behalf of the estate, she is in fact appearing *solely on her own behalf*, because she is the only party affected by the disposition of the suit.  Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a legal fiction." (citing *Guest v. Hansen*, 603 F.3d 15, 20–21 (2d Cir. 2010) (emphasis added))), *with*

3

*Guest*, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, *other survivors*, and possible creditors . . . will be affected by the outcome of the proceedings." (citation omitted and emphasis added))); *see generally Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Accordingly, the Court dismisses Plaintiffs' claims that they assert on behalf of the Estate of DBY *pro se* without prejudice to such claims being reasserted in this action, or in a separate civil action, by an attorney representing that estate.

**C.     Service on the Identified Defendants (Defendants Rantab, Singh, Liu, Mount Sinai Morningside, and the City of New York)**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on identified defendants (Defendants Rantab, Singh, Liu, Mount Sinai Morningside, and the City of New York) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiffs are proceeding IFP and could not have served summonses and the Complaint on the identified defendants until the Court reviewed the Complaint and ordered that summonses for the identified defendants be issued. The Court therefore extends the time to serve the identified defendants until 90 days after the date that summonses for the identified defendants are issued.

issue summonses for the identified defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the identified defendants.

If the Complaint is not served on the identified defendants within 90 days after the date summonses for the identified defendants are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their addresses change, and the Court may dismiss the action if they fail to do so.

### D.   The Unidentified Defendants (Defendants NYPD Officer #1, NYPD Officer #2; Supervising Officer John Doe, and Jane Doe)

Under *Valentin v. Dinkins*, *pro se* litigants are entitled to assistance from the Court in identifying unidentified defendants. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiffs supply sufficient information to permit the New York City Police Department ("NYPD") and Mount Sinai Morningside to identify the unidentified defendants. These defendants include: (1) an unidentified Mount Sinai Morningside (St. Luke's) hospital administrator who, along with Defendants Liu and Singh, attempted to dissuade Plaintiffs from leaving that hospital and/or caused Plaintiffs to be detained in that hospital on January 23, 2021; (2) an NYPD Police Officer, described by Plaintiffs as an "older short white male police officer approx[imately] 50-60 years old" (ECF 1, at 2-3), who caused Plaintiffs to be detained at Mount Sinai Morningside (St. Luke's) on January 23, 2021; (3) another NYPD Police Officer, described by Plaintiffs as "a younger tall [H]ispanic male police officer approx[imately] 30-40 years old" (*id.* at 3), who caused Plaintiffs to be detained at Mount Sinai Morningside (St Luke's) on January 23, 2021; and (4) still another NYPD Police Officer, described by Plaintiffs as a "supervising [police] officer" (*id.*), who caused Plaintiffs to be detained at Mount Sinai Morningside (St. Luke's) on

January 23, 2021.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, as well as counsel for Mount Sinai Morningside, must ascertain the identity, service address, and, if appropriate, badge number, of each unidentified defendant whom Plaintiffs seek to sue in this action.  The Corporation Counsel and counsel for Mount Sinai Morningside must provide this information to Plaintiffs and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiffs must file an amended complaint naming the newly identified defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiffs should complete is attached to this order.  *See* Attachment A.  Once Plaintiffs have filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail information packages to Plaintiffs.  The Court notes that Plaintiffs may receive court documents by email by each completing, signing, and submitting the attached consent to electronic service form (one form for each plaintiff).[4]  *See* Attachment B.

The Court also directs the Clerk of Court to drop DBY as a plaintiff, add the Estate of DBY as a plaintiff, drop St. Luke's as a defendant, and to add Mount Sinai Morningside as a defendant.  *See* Fed. R. Civ. P. 21.

---

[4] If Plaintiffs consent to receive documents by email, they will no longer receive court documents by regular mail.

The Court dismisses the claims of the Estate of DBY, asserted by Plaintiffs Evelyn and Corley *pro se*, without prejudice to the reassertion of such claims, in this action or in a separate civil action, by an attorney representing that estate.

The Court further directs the Clerk of Court to issue summonses for the identified defendants (Defendants Rantab, Singh, Liu, Mount Sinai Morningside, and the City of New York), complete USM-285 forms with the service address of each of these defendants, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court additionally directs the Clerk of Court to mail copies of this order and copies of the Complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007, and to counsel for Mount Sinai Morningside, at 1111 Amsterdam Avenue, New York, New York 10025.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  February 23, 2024
        New York, New York

_____
MARGARET M. GARNETT
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Rantab Enterprises Incorporated
   2602 Church Avenue
   Brooklyn, New York 11226

2. Anjali Sing, M.D.
   Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

3. Christina Liu, M.D.
   Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

4. Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

5. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007