

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/30/2024

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

May 20, 2024

**VIA ECF**
Honorable Margaret M. Garnett
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

     Re:    *Rochelle Evelyn et al. v. Rantab Enterprises Incorporated et al.*
           24 Civ. 00528 (MMG)(KHP)

Your Honor:

     I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney recently assigned to defend the City of New York. This Office writes in accordance with Your Honor's *Valentin* Order dated February 23, 2024, ECF No. 8, directing it to identify three New York City Police Department officers referenced in the Complaint, ECF no. 1, and provide their service addresses. This Office also respectfully requests that the Court compel Plaintiffs to provide completed and executed medical releases.

***Valentin* Response**

     On April 19, 2024, this Office indicated that we were still in the process of investigating the incident alleged in the Complaint to identify the individual New York City Police Department officers Plaintiffs seek to sue. ECF No. 12. We further indicated that this Office requires executed medical releases from Plaintiffs in order to obtain the relevant records to aid in identifying these individuals. ECF No. 12. We still have not received the executed releases from Plaintiffs. However, given the circumstances, we did undertake as much of an investigation as we could. This Office requested a Sprint Chronology report to determine if a 911 call was made concerning the incident location and initially received negative results. In response, the Sprint Index, (which is a list of all 911 calls within a certain geographic area) was requested to determine if any entries corresponded with the alleged incident. Upon reviewing the Sprint

Index, this Office identified two entries and a precinct number that possibly correspond with the underlying incident. We have requested the Chronology reports for those two entries. We also requested that precinct's roll calls. We hope that the Chronology report (to the extent it contains any relevant information) and the roll call will aid in identifying the individuals identified in the complaint. As such, this Office continues to investigate whether any officers were involved in the underlying incident and remains unable to identify any officers at this time.

**Compelling Medical Releases**

There may be information in Plaintiffs' medical records that may assist with identifying these officers. Requests for completed and executed medical releases were sent to Plaintiffs on March 18, 2024. This Office also provided additional copies by email as well as an additional request for medical releases via mail on April 29, 2024. To date, Plaintiffs have failed to provide executed medical releases. In light of the allegations in the Complaint, it appears that Plaintiffs' medical records may have information pertaining to this incident. Without the releases, this Office cannot obtain the medical records, complete our investigation, and provide this Court with a full response to the Valentin Order. In addition, without the releases, we cannot properly investigate the allegations in the Complaint, as we must pursuant to Rule 11 of the Federal Rules of Civil Procedure, so that we can fully respond thereto.

As such, Defendant respectfully requests that the Court compel Plaintiffs to provide fully completed and executed medical releases by a date certain.

Application GRANTED. First, Defendant the City of New York (the "City") is hereby ORDERED to provide a further update to the Court regarding its progress on its *Valentin* obligations by no later than **July 18, 2024**.

Second, Plaintiffs Rochelle Evelyn and Royce Corley, being *pro se* in this matter, were *sua sponte* provided additional time beyond the usual deadlines set forth in the Court's Individual Rules regarding discovery motions to respond to this motion. *See* Rules II(B)(9) (responses shall be filed within two business days); III(D)(2) (*pro se* parties shall "*promptly*" file a responsive letter" to discovery motions). As of the date of this Order, Plaintiffs have not opposed Defendant's motion. The Court, finding Defendant's motion reasonable, hereby COMPELS and ORDERS Plaintiffs to provide Defendant the City with complete and fully executed medical releases by no later than **June 20, 2024**. Failure to comply may result in sanctions against the Plaintiffs or the dismissal of this action for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this order to the Plaintiffs.

SO ORDERED. Dated May 30, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

matter.

Respectfully submitted,

*Thomas Lai s/*
Thomas Lai
Senior Counsel
Special Federal Litigation Division