UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCHELLE EVELYN a/k/a "Rachel Baht Yahudah,"
ROYCE CORLEY a/k/a "Yisrael Ben Yahudah," et al.,

                      Plaintiffs,

-against-

RANTAB ENTERPRISES INCORPORATED d/b/a "Rantab Restaurant Cuisine" et al.,

                      Defendants.

---

1:24-CV-0528 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

### BACKGROUND

On June 28, 2024, in response to the Court's *Valentin* Order, Defendants Mount Sinai Morningside informed the Court that they have been "unable to determine the identity of the 'Mount Sinai Morningside (St. Luke's) hospital administrator'" named in the Complaint and requested an extension of time to continue their efforts in identifying the individual, which the Court granted. *See* Dkt. Nos. 30, 31.

On July 4, 2024, Plaintiff *pro se* Royce Corley filed a "Pre-Trial Omnibus Motion," asserting that "there is sufficient information in the complaint to identify each of the officers based upon their physical appearance" and that Defendants Mount Sinai Morningside would "most-likely have additional evidence to identify these NYPD Officers." *See* Dkt. No. 33. In his "motion," Plaintiff Corley also provided additional information to identify the hospital administrator and encouraged Defendants Mount Sinai Morningside to "directly question their clients to ascertain who they reported to on the day in question." *Id*.

On July 10, 2024, Defendants Mount Sinai Morningside filed a status report informing the Court that they still have not been able to identify the hospital administrator—determining that the hospital administrator on duty during the relevant time period "was male, not female"— and asking for the Court's guidance on how to proceed. *See* Dkt. No. 32. That same day, Plaintiff Corley responded, claiming that the unidentified hospital administrator would be a liable party as named in the complaint "whether they were male or female" to the extent they were an authority figure that "supervised, counseled or ordered the other Defendants to restrict the movement of the Plaintiffs within the hospital." *See* Dkt. No. 35.

On July 18, 2024, Defendant the City, writing in further response to the Order, filed a letter informing the Court that it still has not been able to identify any officers at this time; however, it has recently obtained and reviewed "Sprint Chronology reports" and it is trying to use those records to identify the officers who were "working in the area at the time of the alleged incident." *See* Dkt. No. 36. Additionally, Defendant the City requests that it be relieved from

responding to the Complaint "until 45 days after receiving the executed release[s] from Plaintiffs." *Id*. If Plaintiffs still do not turn over the releases, Defendant the City plans to move to dismiss for failure to prosecute. *Id*.

On July 25, 2024, Defendants Mount Sinai Morningside, Anjali Singh, M.D., and Christina Liu, M.D. (the "Mount Sinai Defendants") filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). *See* Dkt. Nos. 38-40.

## ORDER

Upon review and consideration of the recent submissions from the parties, the following is HEREBY ORDERED:

1. **Pursuant to its *Valentin* obligations, Defendant Mount Sinai Morningside is HEREBY ORDERED to, using the additional information provided by Plaintiff Corley at Dkt. Nos. 33 and 35, conduct an additional 60 days of investigation into the identity of the unnamed Mount Sinai administrator or employee, if any, who was directly involved in supervising the identified medical personnel and who could have taken the actions described in the Complaint (assuming their truth for these purposes) regardless of the gender of that person.** Defendant Mount Sinai Morningside shall file a letter with the Court on **October 4, 2024** detailing the actions it took and the information, if any, uncovered. If by that date no identity for the hospital administrator or supervisor has been confirmed, Defendant Mount Sinai Morningside may request Plaintiffs' claims against the administrator be dismissed. *See Bishop v. City of New York*, No. 13-CV-9203 AJN, 2016 WL 4484245, at *3 (S.D.N.Y. Aug. 18, 2016) ("[I]f a plaintiff is unable to identify defendants after being afforded the opportunity for limited discovery with assistance from the Court, his claims must be dismissed."); *see also Cuevas v. City of New York*, No. 07 CIV. 4169 (LAP), 2009 WL 4773033, at *2 (S.D.N.Y. Dec. 7, 2009); *Keesh v. Artuz*, No. 97 CIV. 8417 (AKH), 2008 WL 3166654, at *2 (S.D.N.Y. Aug. 6, 2008); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-CV-2293(JFB) (SMG), 2007 WL 74304, at *5 n.7 (E.D.N.Y. Jan. 8, 2007) ("Fictitious parties must eventually be dismissed, if discovery yields no identities." (brackets omitted) (citation omitted)).

2. **All remaining relief sought in Plaintiff *pro se* Corley's Pre-Trial Omnibus Motion is DENIED as either frivolous, not ripe, or moot.** *See Teitelbaum v. Katz*, No. 12 CV 2858 VB, 2013 WL 3305775, at *3 (S.D.N.Y. July 2, 2013) (denying frivolous motions from *pro se* party as "baseless in fact and law," and taxing the "already-strained resources of this Court.") **Furthermore, all relief sought by Plaintiff pro se Corley "on behalf of" Plaintiff pro se Rochelle Evelyn is DENIED for lack of standing.** *Iannaccone v. L.*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). As a non-lawyer, Plaintiff Corley may only represent his own interests in this litigation. *See* 28 U.S.C. § 1654 (statute governing appearances in federal court allows representation only "by an attorney admitted to the practice of law by a governmental regulatory body, [or] that by a person representing himself."). If Ms. Evelyn wishes to seek any relief on her own behalf, she may do so. **The Clerk of Court is respectfully directed to terminate Dkt. No. 33.**

3. On May 30, 2024, the Court ordered Plaintiffs provide Defendant the City with complete and fully executed medical releases by no later than June 20, 2024, and warned Plaintiffs that failure to comply may result in sanctions against the Plaintiffs or the dismissal of this action for failure to prosecute.  **Plaintiffs are HEREBY ORDERED to comply with these obligations by no later than August 23, 2024.**

4. If Defendant the City has not received the medical releases from Plaintiffs **by August 26, 2024**, it shall file a letter on that date so-informing the Court and requesting that the claims be dismissed for failure to prosecute, which the Court will most likely grant.  **Any deadline by which Defendant the City must respond to the Complaint is HEREBY STAYED pending the August 26, 2024 submission.**

5. **Further briefing on the Mount Sinai Defendants' Motion to Dismiss, Dkt. Nos. 38-40, is HEREBY STAYED pending the resolution of the above matters.**[1]  The Court will set a further briefing schedule at a later date for the pending Motion to Dismiss when, and if, necessary.


Dated: August 5, 2024
       New York, New York

                                        SO ORDERED.

                                        _____
                                        MARGARET M. GARNETT
                                        United States District Judge

---

[1] The Mount Sinai Defendants' Motion to Dismiss notes that Defendant Christina Liu, M.D. has not yet been served.  *See* Dkt. No. 40 at 1, n. 1 ("To date, Dr. Liu has not yet been served. However, our law firm will represent Dr. Liu if and when she is served. Therefore, in the interests of judicial economy, this motion to dismiss includes arguments as to why dismissal of the claims against Dr. Liu is also merited.")  Therefore, the dispute regarding service as to Defendant Liu is hereby held in abeyance pending the resolution of the Motion to Dismiss.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Rantab Enterprises Incorporated
   2602 Church Avenue
   Brooklyn, New York 11226

2. Anjali Sing, M.D.
   Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

3. Christina Liu, M.D.
   Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

4. Mount Sinai Morningside
   1111 Amsterdam Avenue
   New York, New York 10025

5. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007