

Tʜᴇ Cɪᴛʏ ᴏꜰ Nᴇᴡ Yᴏʀᴋ

# Lᴀᴡ Dᴇᴘᴀʀᴛᴍᴇɴᴛ

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

August 26, 2024

<u>**VIA ECF**</u>
Honorable Margaret M. Garnett
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *Rochelle Evelyn, et al. v. Rantab Enterprises Incorporated et al.*
            24 Civ. 00528 (MMG)(KHP)

Your Honor:

      I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York. Defendant City writes, in accordance with Your Honor's Order dated August 5, 2024 (the "August Order"), ECF No. 42, to respectfully request that Plaintiff Rochelle Evelyn's claims be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. In addition, Defendant City respectfully requests that all of Plaintiffs' claims be dismissed as time-barred.

### *Brief Background*

      Plaintiffs Royce Corley and Rochelle Evelyn allege claims, pursuant to 42 U.S.C. § 1983, of unlawful imprisonment and infringement of religious rights and a pendent state law claim of negligent infliction of emotional distress against, *inter alia*, defendants City of New York, and John Doe New York City Police Department officers. In particular, Plaintiffs claim that, on January 23, 2021, they went to St Luke's-Roosevelt Hospital Center due to the still birth of their baby and were unlawfully detained there for approximately six to eight hours by New York City Police Officers at the direction of hospital staff. Complaint, ECF No. 1 at pgs. 4-6.

### *Relevant Procedural History*

Plaintiff filed the Complaint on January 24, 2024. ECF No. 1. Defendant City sent Plaintiffs requests for executed medical releases on March 18, 2024, April 29, 2024, and moved to compel said releases on May 20, 204. ECF No. 14. On May 30, 2024, the Court ordered Plaintiffs to provide Defendant City with complete and fully executed medical releases no later than June 20, 2024, and warned Plaintiffs that failure to comply may result in sanctions, including the dismissal of this action for failure to prosecute. ECF No. 20. On July 4, 2024, Plaintiff Royce Corley informed the Court that he was no longer in communication with Plaintiff Rochelle Evelyn, ECF No. 33, and provided an updated address for her. ECF No. 34. Defendant City sent copies of the medical release to Plaintiff Rochelle Evelyn via mail and email to the updated addresses on July 19, 2024. On August 5, 2024, the Court ordered Plaintiffs to comply with its Order to provide the releases by no later than August 23, 2024 (the "August Order"). The August Order further ordered Defendant City to request that Plaintiffs' claims be dismissed for failure to prosecute if the City did not receive the releases. On August 5, 2024, Defendant City received medical releases from Plaintiff Royce Corley. To date, no release has been received from Plaintiff Rochelle Evelyn.

### *Failure to Prosecute*

The City now respectfully requests that the claims brought by Plaintiff Rochelle Evelyn be dismissed with prejudice.[1] Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for lack of prosecution pursuant to Rule 41(b) is generally governed by five factors: (1) the duration of plaintiff's delay; (2) whether the plaintiff was on notice that failure to prosecute his case would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *Shannon v. General Electric Company*, 186 F.3d 186, 193-94 (2d Cir. 1999).

First, to dismiss for failure to prosecute under Rule 41(b), Plaintiff's delay need not be particularly long in duration. *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 U.S. Dist. LEXIS 17172, at *5, 1999 WL 1006181 (S.D.N.Y. Oct. 26, 1999) (S.D.N.Y. Oct. 26, 1999) (stating that even a small delay on the part of the plaintiff may warrant a dismissal when part of a deliberate pattern of noncompliance). Other than the filing of the Complaint, which appeared to have been done by Corley, Evelyn has not participated in any of the filings in this matter. Regardless of the timing of the delay, dismissal under Rule 41(b) is appropriate when a plaintiff fails to timely comply with a court order. *See Newell v. City of New York*, No. 18 Civ. 8704 (AT) (KHP), 2019 U.S. Dist. LEXIS 162539, at *6 (S.D.N.Y. Sept. 19, 2019) (dismissing case due to plaintiff's "unreasonable and unexplained delay" when plaintiff did not provide medical releases five (5) months and seventeen (17) days after the first court order). Second, Plaintiff was on

---

[1] Rule 41(b) notes that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *Id*.

notice of the risk of dismissal of this action should she not comply with the Court's Orders. *See* ECF Nos. 36, 42. As such, this factor also weighs in favor of dismissal. *Komatsu v. City of N.Y.*, 2022 U.S. Dist. LEXIS 74011, at *28 (S.D.N.Y. 2022). Third, denial of the instant motion would result in prejudice to Defendant City as the City would have to continue to expend its limited resources to defend claims Plaintiff appears to have abandoned. More importantly, Defendant City is deprived of the medical releases, which is absolutely necessary to gain access to evidence material to Plaintiff's claims. *Komatsu*, at* 29. Fourth, "noncompliance with the Court's orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Sanders v. Ramos,* 2013 U.S. Dist. LEXIS 21868, at *3 (S.D.N.Y. 2013) (citation omitted). Fifth, any other sanction would be futile given Plaintiff's apparent abandonment of her claims. "It is plaintiff's obligation to move [her] case to trial, and should [she] fail to do so in a reasonable manner, [her] case may be dismissed with prejudice as a sanction for his unjustified conduct." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

For these reasons, Defendant City respectfully requests that the Court dismiss Ms. Evelyn's claims against the City and any municipal defendants.

### *Statute of Limitations*

The claims alleged in the Complaint are barred by the applicable stature of limitations. Although "[s]ection 1983 does not provide a specific statute of limitations … courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure*, 488 U.S. 235, 249-51 (1989)). Accordingly, claims brought pursuant to 42 U.S.C. § 1983 are subject to a three-year statute of limitations in New York. *Id.*, at 517.

While the New York statute of limitations applies, federal law governs the accrual date. *See, e.g., Burroughs v. Dorn*, No. 13-CV-3609 (ARR) (LB), 2013 U.S. Dist. LEXIS 177902, at *3 (E.D.N.Y. Dec. 10, 2013). An unlawful imprisonment claim accrues when the alleged unlawful imprisonment ends. *Jackson v. Elmhurst Hosp. Ctr.*, U.S. Dist. LEXIS 69312, at *6 (E.D.N.Y. May 15, 2012). Claims of negligent infliction of emotional distress accrue at the time the plaintiffs became aware of the defendants' actions and suffered mental anguish as a result, *Dixon v. City of N.Y.*, 2010 NY Slip Op 6775, ¶ 1, 76 A.D.3d 1043, 1044, 908 N.Y.S.2d 433, 434 (App. Div. 2nd Dept.), and are subject to a three year statute of limitations period under New York State law. *Kramer v. Meridian Capital Grp.*, LLC, 2022 NY Slip Op 00414, ¶ 2, 201 A.D.3d 909, 912, 162 N.Y.S.3d 400, 404 (App. Div. 2nd Dept.). However, when a claim for negligent infliction of emotional distress is premised only on allegations of intentional conduct, it is governed by the one year statute of limitations. *Trayvilla v. Japan Airlines*, 2019 NY Slip Op 08726, ¶ 1, 178 A.D.3d 746, 747, 111 N.Y.S.3d 224, 225 (App. Div. 2nd Dept.) (citations omitted).

In this matter, Plaintiffs' claims accrued on January 23, 2021, the date Plaintiffs allege they were unlawfully detained at the hospital, and expired on January 23, 2024. Plaintiffs did not file the Complaint until January 24, 2023, a day past the statute of limitations.

Furthermore, Plaintiffs cannot amend to name any individual NYPD defendants. *See* Rule 15(c); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.").

With respect to the state law claim, Plaintiff failed to satisfy the condition precedent to asserting this claim and it too is barred. *See* N.Y. Gen. Mun. Law § 50-e; *Rose v. Cty. of Nassau*, 904 F. Supp. 2d 244, 247-48 (E.D.N.Y. 2012) ("[u]nder New York law, a notice of claim is a condition precedent to bringing personal injury actions against a municipal corporation and its officers, appointees and employees. The notice of claim must…. be filed within ninety days after the claim arises.") (citations omitted).

For the reasons set forth herein, Defendant City respectfully requests that Plaintiff Rochelle Evelyn's claims to be dismissed for failure to prosecute. Furthermore, all of Plaintiffs' claims should be dismissed because the statute of limitations have expired.

In the event the Court requires a formal motion to dismiss, Defendant City proposes the following briefing schedule:

- Defendant City's Motion due on September 20, 2024;
- Plaintiff's Opposition due on October 20, 2024; and
- Defendant City's Reply due on November 13, 2024.

Thank you for your attention to this matter.

Respectfully submitted,

𝕿𝖍𝖔𝖒𝖆𝖘 𝕷𝖆𝖎 s/

Thomas Lai
Senior Counsel
Special Federal Litigation Division

To:   Rochelle Evelyn (Via Mail)
      Plaintiff *Pro Se*
      5402 Elsrode Avenue
      Baltimore, Maryland 21214

      Rochelle Evelyn (Via Mail)
      Plaintiff *Pro Se*
      3715 Evergreen Avenue
      Baltimore, Maryland 21206

      Royce Corley (Via Mail)
      Plaintiff *Pro Se*
      1207 Delaware Avenue

Suite 1619
Wilmington, Delaware 19806

Gabrielle Apfel (Via ECF)

Alejandra Rosa Gil (Via ECF)