UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                :

ROCHELLE EVELYN a/k/a "Rachel Baht Yahudah,"
ROYCE CORLEY a/k/a "Yisrael ben Yahudah," et al.,

                           Plaintiff,

                -against-

RANTAB ENTERPRISES INCORPORATED d/b/a
"Rantab Restaurant Cuisine" et al.,

                      Defendants.

------------------------------------------------------------------------ X

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

24 Civ. 00528 (MMG)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON STATUTE OF LIMITATIONS <u>GROUNDS PURSUANT TO F.R.C.P. 12(B)(6)</u>**

Joseph Zangrilli
Senior Counsel
Special Federal Litigation

**PRELIMINARY STATEMENT**

Defendant City of New York submits this reply memorandum of law ("Defs.' Rep. Br.") in further support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint in its entirety, with prejudice, dated August 26, 2024. (ECF Dkt. 46). In his opposition ("Pl. Opp. Br.") to Defendant City's motion to dismiss, Plaintiff fails to satisfy his burden of proof while attempting to rewrite his Complaint. As such, in addition to the reasons set forth in the City's original memorandum of law, this Court should grant the motion to dismiss the Complaint because: (1) the claims in Plaintiff's Complaint are barred by the applicable statute of limitations; (2) Plaintiff failed to file a timely notice of claim as it relates to his state law claim for negligent infliction of emotional distress; (3) Plaintiff is not entitled to equitable tolling of the statute of limitations; and (4) even if Plaintiff's Complaint was timely, any amended complaint naming John Doe defendants cannot relate back.

**ARGUMENT**

**POINT I**

**THE CLAIMS IN PLAINTIFF'S COMPLAINT
ARE BARRED BY THE APPLICABLE
STATUTE OF LIMITATIONS**

**A.**   ***Plaintiff's Section 1983 Claims are Barred Because They Accrued on January 23, 2021
and the Complaint was Filed on January 24, 2024.***

1.   Plaintiff's Section 1983 Claims Accrued on January 23, 2021.

For section 1983 claims, the statute of limitations is "borrowed from state law, which, in the case of New York, confers only a three-year period." *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018). This three-year period begins to run when the plaintiff's claim accrues. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). Determining the date of accrual, however, is governed by federal law. *See id.* In general, accrual begins "when the plaintiff knows or has

reason to know of the harm." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), *cert denied*, 538 U.S. 922 (2003). However, for claims of unlawful imprisonment, accrual begins when the alleged unlawful imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007).

Here, both of Plaintiff's section 1983 claims—infringement of religious rights and unlawful imprisonment—accrued on January 23, 2021. First, Plaintiff's Complaint states unequivocally that the alleged infringement of religious rights occurred "[o]n January 23, 2021." (*See* Pl. Comp. at ¶ 31). Accordingly, this is when Plaintiff either knew or had reason to know of the alleged harm. As such, January 23, 2021 marks the date accrual began. Second, hospital records confirm that Mount Sinai discharged Plaintiff and his spouse on January 23, 2021.[1] (*See* ECF No. 59, Ex. B). Thus, Plaintiff's unlawful imprisonment claim also accrued on January 23, 2021. Therefore, both of Plaintiff's section 1983 claims are untimely.

### 2.  Plaintiff Filed his Complaint on January 24, 2024.

Plaintiff also asserts that the Court's docket is wrong and that he filed his Complaint, not on January 24, 2024, but on "January 23, 2024 at 11:50 PM." (Pl. Opp. Br. at 2). According to Plaintiff, this docketing error is likely the clerk's fault "because a technical correction was made to the complaint less than thirty (30) minutes later to fix an error with the 'Jury Demand' checkboxes." (*Id.* at 2). In an effort to support this assertion, Plaintiff presents two documents. The first ("Exhibit A") is an automated response from the Court's Temporary Pro Se Filing NYSD email, timestamped Tuesday, January 23, 2024 at 11:50 PM. (*Id.* at 5, Ex. A). The second ("Exhibit B") is an email, sent by Plaintiff on January 24, 2024, at 12:17 AM to the Temporary Pro Se Filing email, showing his Complaint attached. (*Id.* at 7, Ex. B).

---

[1] Accordingly, Plaintiff's attempt to rewrite his Complaint and allege for the first time that he was "not released from the hospital until … January 24, 2021" fails. (*See* Pl. Opp. Br. at 1).

- 2 -

Plaintiff claims Exhibit A shows that he filed his Complaint on January 23, 2024, at 11:50 PM. (*Id.* at 2). However, Exhibit A does not show that the Court received the Complaint or that he filed it at 11:50 PM on January 23, 2024. It only shows that an automated reply was sent to Plaintiff acknowledging that the Court received some email sent by Plaintiff. In fact, the only proof Plaintiff presents as to when he filed his Complaint is Exhibit B, which shows that he did so on January 24, 2024. (*Id.*).[2] Thus, all of the evidence before the Court demonstrates that Plaintiff filed his Complaint on January 24, 2024.

Plaintiff's section 1983 claims accrued on January 23, 2021 and his Complaint was filed on January 24, 2024. As a result, Plaintiff's section 1983 claims are barred by the statute of limitations and must be dismissed.

**B.    *Plaintiff's State Law Claim for Negligent Infliction of Emotional Distress Claim Must be Dismissed Because it is Barred by the Statute of Limitations.***

It is well established that when a claim for negligent infliction of emotional distress is premised on allegations of intentional or deliberate conduct, "they are outside the ambit of actionable negligence," and governed by the one-year statute of limitations for intentional torts. *Chau v. Donovan*, 357 F. Supp. 3d 276, 290 (S.D.N.Y. 2019) (quoting *Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F. Supp. 2d 506, 529 (S.D.N.Y. 2000)); *see also Corley v. Vance*, 365 F. Supp. 3d 407, 454 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (same); *Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 532 (S.D.N.Y.

---

[2] Plaintiff's claim that he refiled late to "fix an error with the 'Jury Demand' checkboxes" is also specious. (*See* Pl. Opp. Br. at 2). Presumably, upon Plaintiff's purported refiling on January 24, 2024, the 'Jury Demand' issues would have been fixed and would not have necessitated any further action. Yet, on February 6, 2024, Plaintiff filed a letter with the Court "to address some clerical errors with the filing of the complaint" and have the Court make necessary changes. (*See* ECF. No. 6). One of those requested changes was "the 'JURY DEMANDED' portion" of his Complaint. (*Id.*).

2000) (explaining that "this Court is mindful that 'New York Courts have rejected uniformly … attempts to transmogrify intentional torts into negligence.'"); *Trayvilla v. Japan Airlines*, 178 A.D.3d 746, 746, 111 N.Y.S.3d 224, 225, (2d Dep't 2019), *cert. denied* 141 S. Ct. 2628 (2021).

Here, Plaintiff attempts to transmogrify an intentional tort into negligence by alleging that Defendants "*knowingly and willfully* committed negligent acts [that] cause[d] … severe emotional distress." (*See* Pl. Comp. at ¶ 33) (emphasis added). Thus, because Plaintiff asserts his claim based on intentional conduct, the one-year statute of limitations for intentional torts applies. Therefore, because Plaintiff failed to file his claim within one year, Plaintiff's negligent infliction of emotional distress claim is barred by the statute of limitations and must be dismissed.

**POINT II**

**PLAINTIFF'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IS UNTIMELY AND HE FAILED TO FILE A NOTICE OF CLAIM**

Under New York law, a condition precedent for filing a state law personal injury action against a municipal corporation and its officers is the filing of a notice of claim. *See* N.Y. Gen. Mun. Law. § 50-e; *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 796 (2d Cir. 1999) (upholding district court's dismissal where plaintiff failed to file a notice of claim); *Rose v. Cty. of Nassau*, 904 F. Supp. 2d 244, 247-48 (E.D.N.Y. 2012). Notice of claim requirements are "'construed strictly.'" *Hardy*, 164 F.3d at 793 (quotations omitted). Here, Plaintiff failed to file a notice of claim. Thus, Plaintiff's state law claim is untimely and, therefore, time barred.

## POINT III

### PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

A plaintiff seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021). Additionally, "to secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances; he must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* (citations omitted).

Here, Plaintiff asserts that "even if the Court were to consider the [C]omplaint … filed … late," that he would be entitled to equitable tolling. (Pl. Opp. Br. at 2). However, Plaintiff is wrong. The only conceivable reason Plaintiff presents for missing the original filing deadline is that he experienced "technical" errors while attempting to file at 11:50 PM, with only minutes to spare. (*See id.*). However, technical issues faced at the eleventh hour constitute neither an extraordinary circumstance for missing the original filing deadline nor reasonable diligence. Thus, Plaintiff is not entitled to equitable tolling of the statute of limitations.

## POINT IV

### PLAINTIFF CANNOT AMEND TO NAME INDIVIDUAL JOHN DOE NYPD OFFICERS

Where an amended complaint "is not filed until the statute of limitations applicable to its claims expire[], the complaint must be dismissed unless the amendments naming the defendants relate back." *Sher v. City of New York*, No. 21 Civ. 1339 (DLC), 2022 U.S. Dist. LEXIS 78277, at *10. (S.D.N.Y. Apr. 29, 2022). An amended complaint may relate back and be deemed timely

under two scenarios: (1) under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure; and (2) under New York's relation back rules. Here, both scenarios fail.

### A. *Plaintiff's Cannot Amend his Complaint to Name the NYPD John Doe Defendants Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.*

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure permits relation back only where there has been a "mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). However, the "the lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (citation omitted); *see also Sher*, 2022 U.S. Dist. LEXIS 78277 at *10 (explaining that, "[u]nder the Federal Rules of Civil Procedure, amendments to replace Doe defendants with named defendants normally do not relate back."). Here, the Doe defendants listed in Plaintiff's Complaint do not constitute a mistake of identity that enables Plaintiff's future amended complaint to timely relate back. (*See* ECF No. 1). Thus, under Rule 15(c), Plaintiff cannot amend to name any individual NYPD defendants.

### B. *Plaintiff Cannot Amend his Complaint to Name the NYPD Doe Defendants Under New York's Relation Back Rules.*

An amended complaint may also relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). While a plaintiff bringing a section 1983 claim may rely on New York's relation back rules to substitute a named defendant for a Doe defendant, the plaintiff still bears the burden of satisfying a two-part test. *See Hogan*, 738 F.3d at 518 (citations omitted); N.Y. CPLR § 1024. Under that two-part test, plaintiffs must first "exercise due diligence, prior to the running of the statute of limitations, to identity the defendant by name." *Id.* (citations omitted). Second, plaintiffs must also "describe the John Doe party in such form as will fairly apprise the party that he is in the intended defendant." *Id.* (citations omitted).

- 6 -

It's clear in this matter that Plaintiff failed to act with due diligence as he did not file his Complaint until at least three years after the events at issue. (*See* ECF No. 1). Plaintiff also, for months, failed to provide Defendant City with key documents that would help identify the Doe defendants. (*See* ECF No. 14). Only after this Court ordered Plaintiff and threatened sanctions did Defendant City eventually receive the requested documents. (*See* ECF No. 20). Plaintiff failed to exercise sufficient due diligence to justify relation back and should not be permitted to amend his complaint to name John Doe defendants under New York's relation back rules.

## CONCLUSION

For the foregoing reasons, Defendant City respectfully requests that the Court grant their motion to dismiss the Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 8, 2024

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*

By:     /s/ *Joseph Zangrilli*

Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation Division
100 Church Street, Room 3-179
New York, New York 10007
(212) 356-2657
jzangril@law.nyc.gov

cc:     **VIA ECF & FIRST CLASS MAIL**
        Royce Corley (Via Mail)
        Plaintiff *Pro Se*
        1207 Delaware Avenue, Suite 1619
        Wilmington, DE 19806

Alejandra Rosa Gil (Via ECF)
Heidell, Pittoni, Murphy & Bach
81 Main Street
White Plains, NY 10601

Gabrielle Apfel (Via ECF)
Heidell, Pittoni, Murphy & Bach, LLP (NY)
99 Park Avenue
New York, NY 10016