```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROYCE CORLEY a/k/a "Yisrael Ben Yahudah,"

                Plaintiffs,

-against-

RANTAB ENTERPRISES INCORPORATED d/b/a "Rantab Restaurant Cuisine" et al.,

                Defendants.

1:24-CV-0528 (MMG)

**ORDER**

---

MARGARET M. GARNETT, United States District Judge:

Before the Court are the motions to dismiss by Defendant New York City (the "City") and Defendants Mount Sinai Morningside, Anjali Singh, M.D., and Christina Liu, M.D. (together, the "Mount Sinai Defendants" and collectively with the City, the "Defendants"). *See* Dkt. Nos. 38, 46 (the "Motions"). Per the Court's August 28, 2024 order, *see* Dkt. No. 49, briefing on the motions to dismiss was limited solely to the issue of whether the claims asserted by Plaintiff Royce Corley (a/k/a Yisrael ben Yahudah) ("Plaintiff" or "Corley")[1] are time-barred by the applicable statutes of limitations. For the reasons discussed herein, the Court finds they are. Accordingly, the motions are GRANTED and the case is DISMISSED.

## BACKGROUND

The Complaint, which the Court accepts as true for the purposes of this motion, alleges unlawful imprisonment and infringement of religious rights and a pendent state law claim of negligent infliction of emotional distress against, *inter alia*, Defendants the City, and John Doe New York City Police Department officers, and various medical professionals at Mount Sinai Morningside hospital. In particular, it alleges that on January 22, 2021, Plaintiff Rochelle Evelyn

---

[1] On August 28, 2024, the Court dismissed Plaintiff Rochelle Evelyn (a/k/a Rachel baht Yahuda) ("Evelyn") from this action for failure to prosecute. *See* Dkt. No. 48.

consumed a beverage described as "palm juice" without realizing it contained alcohol; the beverage caused her to experience severe stomach pains and eventually the miscarriage of her approximately 20-week-old fetus. *See* Dkt. No. 1 (the "Complaint" or "Compl.") ¶ 15. Thereafter, Evelyn and her husband Plaintiff Corley went to the emergency room of St. Luke's Roosevelt Hospital Center (now called Mount Sinai Morningside) seeking medical assistance. *Id*. ¶ 16. Upon arrival, Evelyn was treated by Mount Sinai Morningside physician Defendant Dr. Liu, who advised Evelyn, following her miscarriage, to undergo procedures to remove the placenta and afterbirth, which Evelyn declined. *Id*. ¶ 17.

After Evelyn and Corley declined Dr. Liu's medical advice, Dr. Liu called in Defendant Dr. Singh, who likewise encouraged Plaintiff Evelyn to undergo the placenta and afterbirth removal procedure. *Id*. ¶ 18. Plaintiff Evelyn again declined this procedure but agreed to undergo an ultrasound. *Id*. Dr. Liu and Dr. Singh allegedly requested that the miscarried fetus be examined and tested for potential causes of miscarriage, but Plaintiffs declined any examination of the fetus due to their religious beliefs as Hebrew Israelites. *Id*. The Complaint further alleges that several other hospital administrators encouraged Evelyn to undergo further medical procedures and evaluation, but Plaintiffs again consistently declined. *Id*.

After the ultrasound, Plaintiffs sought to leave the hospital, but were allegedly detained by NYPD officers at the direction of Mount Sinai Morningside medical staff. *Id*. ¶ 20. Plaintiffs allege they were told that New York law mandated compliance with hospital protocols, regardless of religious beliefs. *Id*. ¶ 21. Eventually, Plaintiffs were permitted to leave the hospital after no one could identify the specific laws that permitted hospital staff and police to keep them in the hospital. *Id*. ¶ 22.

Plaintiff Corley and former Plaintiff Evelyn initiated this action by complaint on January 24, 2024, appearing *pro se*, asserting causes of action under 42 U.S.C. §§ 1983, 1985(3), and 1986 and under state law, seeking damages and declaratory relief.  By the orders dated February 2, 2024, *see* Dkt. Nos. 4 and 5, the Court granted Plaintiffs' applications to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

## DISCUSSION

The Motions seek dismissal of the Complaint in its entirety with prejudice because, *inter alia*, the claims asserted therein are barred by the applicable statutes of limitation. [2]  *See* Dkt. Nos. 38, 46.  Plaintiff Corley denies this assertion but contends that even if the claims are time barred, the Court should grant him equitable tolling to proceed with this action.  *See* Dkt. No. 53 ("Opp.") at 2.  For the reasons explained below, the Court finds that all claims asserted in the Complaint against Defendants are statutorily time barred and equitable tolling does not apply.  The Motions are thus GRANTED.

**A.   Counts I and II: Unlawful Imprisonment and Infringement of Religious Rights Under 42 U.S.C. §§ 1983, 1985(3), and 1986**

Plaintiffs' claims for unlawful imprisonment and infringement of religious rights under 42 U.S.C. § 1983 and § 1985(3) are untimely and must be dismissed.  For section 1983 claims, the statute of limitations is "borrowed from state law, which, in the case of New York, confers only a three-year period."  *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018); *see also Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573 (S.D.N.Y. March 25, 2011) (three-year statute of limitations for § 1985 claims).  This three-year period begins to run when the plaintiff's claim accrues.  *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  Determining the date of

---

[2] The Motions seek dismissal on other grounds as well.  Given the Court's ruling that all claims are time-barred, these other grounds need not be addressed, and the Court expresses no view on their merits.

accrual, however, is governed by federal law and begins "when the plaintiff knows or has reason to know of the harm." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), *cert denied*, 538 U.S. 922 (2003). For claims of unlawful imprisonment, accrual begins when the alleged unlawful imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007).

All of Plaintiff's Section 1983 claims accrued on January 23, 2021, which was the date of Evelyn's hospital admission and discharge. *See* Compl. ¶ 15; *see also* Dkt. No. 59, Ex. B (Mount Sinai medical records showing discharge of Plaintiffs on January 23, 2021). Indeed, the Complaint unambiguously states that the relevant harm occurred "on January 23, 2021." *Id*. ¶ 31. Plaintiff Corley filed this action on January 24, 2024, which is one day after the expiration of the three-year statute of limitations period. *See* Dkt. No. 1 (showing January 24, 2024 case opening).

On opposition, Plaintiff contends that the initiation date reflected on the public docket is incorrect because, allegedly, he submitted the Complaint to the Court's Pro Se intake office on "January 23, 2024 at 11:50 PM." *See* Opp. at 2, 5. But the primary evidence Plaintiff submitted to the Court in support of this assertion is only an automated response from the Court's Temporary Pro Se Filing NYSD email, timestamped Tuesday, January 23, 2024 at 11:50 PM. *See* Opp. Ex. A. This email contains no mention of a complaint having been submitted, let alone the complaint in this action. It only shows that an automated reply was sent acknowledging that the Court received an email from Plaintiff. Plaintiff also submits an email apparently sent from his own email account, dated January 24, 2024 at 12:17 AM, showing the Complaint attached, which confirms the date of case initiation that is publicly reflected on the docket. *See* Opp. Ex. B.[3] Thus, the evidence before the Court unambiguously demonstrates that Plaintiff filed his

---

[3] Plaintiff's submission of the January 24, 2024 transmittal email sent from his own account demonstrates to the Court that he knows how to provide evidence of when and how he sent materials to the Pro Se

Complaint on January 24, 2024, and not on January 23, 2024. Because Plaintiff brought his section 1983 and 1985 claims more than three years after they accrued, they are time barred and must be dismissed.[4]

**B.     Count IV: State Law Claim for Negligent Infliction of Emotional Distress**

The statute of limitations for a negligent infliction of emotional distress claim in New York is, at most, three years. *See Goldstein v. Mass. Mut. Life Ins. Co.*, 32 A.D.3d 821 (2d Dep't 2006).[5] Based on the allegations in the Complaint taken as true, Plaintiff's claim for negligent infliction of emotional distress accrued on January 23, 2021 and expired on January 23, 2024. Therefore, for the same reasons as discussed with respect to Counts I and II, Count IV is time-barred and must be dismissed.

**C.     Equitable Tolling**

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). Granting equitable tolling is a discretionary "exercise of a court's equity powers." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "This discretion is not absolute. Before a court may exercise discretion to grant equitable tolling, a litigant must demonstrate as a factual matter the existence of two elements: first, that some extraordinary circumstance stood in [his] way and second that

---

Office for filing; this makes all the more noteworthy his submission only of an automated receipt email (with no indication of what Plaintiff submitted) as proof of his purported January 23, 2024 filing.

[4] The Court's Order of Service, *see* Dkt. No. 8, also construed Counts I and II of the Complaint as asserting claims under 42 U.S.C. § 1986 (failure to prevent/intervene). A claim under 42 U.S.C. § 1986 is subject to a one-year statute of limitations. *Carvel v. Franchise Stores Realty Corp.*, No. 08-CV-8938 (JGK), 2009 WL 4333652, at *8 (S.D.N.Y. Dec. 1, 2009). These claims thus expired on January 23, 2022, and are likewise time-barred (by over two years) and must be dismissed.

[5] Defendant the City argues that a one-year statute of limitations for intentional torts should apply to the emotional distress claim. *See* Dkt. No. 60 at 3-4. The Court need not address this argument because, even if the City is correct, the claim is time-barred under even the longer three-year statute of limitations.

[he] has been pursuing [his] rights diligently." *Doe v. United States*, 76 F.4th 64 (2d Cir. 2023) (internal quotations omitted). The law prohibits a judge from exercising her discretion where these two elements are missing. *Id*.

Plaintiff has not alleged that any extraordinary circumstance stood in his way of timely filing the Complaint nor that he diligently pursued his rights, and the Court is aware of no evidence that could satisfy either factor. It is unambiguous on the record before the Court that Plaintiff did not file his Complaint until after the statute of limitations expired. No explanation was provided by Plaintiff for this delay (except generalized and unsupported denials of delay), nor has he alleged that there were any extraordinary circumstances which caused him to miss the statutory filing deadline. Equitable tolling is therefore not justified.

The Court has construed all of Plaintiff's remaining arguments liberally in light of his *pro se* status, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), and after full consideration finds them unavailing.

**D.      Count III: Product, Vicarious and General Liability**

With the dismissal of Counts I, II, and IV directed herein, the only remaining claim in this action is Count III for "Product, Vicarious and General Liability" against Defendant Rantab Enterprises Incorporated d/b/a "Rantab Restaurant Cuisine" ("Rantab"), the alleged purveyor of the aforementioned "palm juice."[6] Count III is a New York state law claim over which the Court has no independent jurisdiction. Upon dismissal of all federal causes of action, a Court may *sua sponte* dismiss a remaining state law claim if it lacks subject matter jurisdiction to hear the dispute. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their

---

[6] Defendant Rantab has not yet appeared in this action or answered the Complaint.

jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Count III is therefore likewise dismissed, without prejudice to Plaintiff Corley bringing the dispute in the appropriate state court.

## CONCLUSION

For the reasons stated herein, the motions to dismiss are GRANTED. Counts I, II, and IV of the Complaint are DISMISSED with prejudice; Count III is DISMISSED without prejudice. The Clerk of Court is respectfully directed to CLOSE this case and terminate all deadlines. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff Corley. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: January 6, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge