# MANDATE

24-cv-0528(MMG)

25-84-cv
Corley v. Rantab Enters. Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-five.

PRESENT:  REENA RAGGI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 22, 2025

------------------------------------------------------------------

ROYCE CORLEY, AKA YISRAEL
BEN YAHUDAH, AKA RON IRON,

*Plaintiff-Appellant*,

ROCHELLE EVELYN, AKA
RACHEL BAHT YAHUDAH,
ESTATE OF DBY, DBY, A
DECEASED MINOR CHILD,

*Plaintiffs*,

v.                                                                    No. 25-84-cv

RANTAB ENTERPRISES
INCORPORATED, DBA RANTAB

**MANDATE ISSUED ON 10/22/2025**

RESTAURANT CUISINE, ANJALI
SINGH, M.D., CHRISTINA LIU,
M.D., JANE DOE, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY AS EMPLOYEE OF THE
ST LUKES ROOSEVELT HOSPITAL
CENTER A/K/A MOUNT SINAI
MORNINGSIDE, NYPD OFFICER
#1, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITY AS PUBLIC
OFFICERS OF THE CITY OF NEW
YORK, NYPD OFFICER #2, IN
THEIR INDIVIDUAL AND
OFFICIAL CAPACITY AS PUBLIC
OFFICERS OF THE CITY OF NEW
YORK, MOUNT SINAI
MORNINGSIDE, CITY OF NEW
YORK, JOHN DOE, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY AS PUBLIC OFFICERS
OF THE CITY OF NEW YORK,

       *Defendants-Appellees*,

ST. LUKES-ROOSEVELT HOSPITAL
CENTER,

       *Defendant*.[*]

-------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

FOR PLAINTIFF-APPELLANT:     ROYCE L. CORLEY, *pro se*, Wilmington, DE

FOR CITY OF NEW YORK DEFENDANTS-APPELLEES:     HANNA L. ST. MARIE (Claude S. Platton, Philip W. Young, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

FOR MOUNT SINAI MORNINGSIDE DEFENDANTS-APPELLEES:     ALEJANDRA R. GIL, Heidell, Pittoni, Murphy & Bach, LLP, New York, NY

FOR DEFENDANT-APPELLEE RANTAB ENTERPRISES INC.:     No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Margaret M. Garnett, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED for further proceedings consistent with this order.

Plaintiff Royce Corley, proceeding *pro se*, appeals from a January 6, 2025 judgment of the United States District Court for the Southern District of New York (Garnett, *J.*) dismissing three of his claims under Federal Rule of Civil Procedure 12(b)(6) as time barred, dismissing his remaining claim for lack of

3

subject matter jurisdiction, and denying his request to represent the estate of his deceased unborn child. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## BACKGROUND

Corley alleges that on January 23, 2021, his then-wife Rochelle Evelyn miscarried after drinking an alcoholic beverage sold by Defendant Rantab Enterprises Inc. ("Rantab") the prior evening. Immediately after the miscarriage, Corley and Evelyn went to the emergency room at what is now Mount Sinai Morningside Hospital, but later refused certain medical treatment, citing their religious beliefs. Both were then allegedly detained against their will by hospital officials and by the police. In January 2024 Corley commenced this action against Mount Sinai Morningside Hospital, Dr. Anjali Singh, Dr. Christina Liu, and an unnamed medical professional (the "Mount Sinai Defendants"), the City of New York and unnamed police officers (the "City Defendants"), and Rantab. He asserts claims of unlawful imprisonment and infringement of religious rights under 42 U.S.C. § 1983 against the Mount Sinai and City Defendants, a product

liability claim under New York law against Rantab, and a claim of negligent infliction of emotional distress under New York law against all Defendants.

## DISCUSSION

The District Court dismissed Corley's claims for unlawful imprisonment, religious infringement, and negligent infliction of emotional distress under Federal Rule of Civil Procedure 12(b)(6) on the ground that they were each barred by the applicable three-year statute of limitations. *See Corley v. Rantab Enters. Inc.*, No. 24-CV-528, 2025 WL 34829, at *2–3 (S.D.N.Y. Jan. 6, 2025). "We review a district court's decision to dismiss a complaint under Rule 12(b)(6) *de novo.*" *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131 (2d Cir. 2021). In doing so, "we accept all of the complaint's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Id.* (alterations accepted) (quotation marks omitted). We "afford a special solicitude to *pro se* litigants," including "liberal construction of pleadings . . . and appellate briefs" as well as "leniency in the application of procedural rules." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (quotation marks omitted).

On appeal, Corley challenges the District Court's dismissal of these claims as time barred at the pleading stage. We agree with Corley that it was error for

the District Court to determine on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) that the limitations period had lapsed before he filed his complaint. A statute of limitations defense "may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Brothers*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). To the extent the defense requires "consideration of facts outside of the complaint," however, it is "inappropriate to resolve" at the pleading stage. *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149–50 (2d Cir. 2024) (quotation marks omitted).

The District Court concluded that Corley's complaint "unambiguously states that the relevant harm occurred on January 23, 2021." *See Corley*, 2025 WL 34829, at *2 (quotation marks omitted). That does not accurately describe Corley's false imprisonment claim, as to which the limitations period "begin[s] to run . . . when the alleged false imprisonment ends." *Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017) (quotation marks omitted). Corley's complaint, liberally construed, alleges that he arrived at the hospital with his then-wife in the afternoon of January 23, 2021 and did not leave the hospital for six to eight hours. His detention may thus plausibly have ended early in the morning of January 24, 2021 (as he now maintains), and it is not clear on the face of the

6

complaint that Corley and Evelyn left the hospital earlier, on January 23.  Nor

was the District Court permitted at this point to consider extrinsic evidence that

was submitted by the Mount Sinai Defendants to clear up any ambiguity in the

complaint and to conclude on that basis that Corley and Evelyn were discharged

on January 23.  "[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is

not an occasion for the court to make findings of fact."  *Roth v. Jennings*, 489 F.3d

499, 509 (2d Cir. 2007).

With respect to all three claims that were dismissed as time barred, the

District Court also erred in concluding at the pleading stage that Corley filed his

complaint on January 24, 2024 rather than on January 23, 2024.  According to the

District Court docket, Corley's complaint was filed on January 24, 2024.  But an

action is timely as long as "the complaint was received by the clerk's office prior

to the expiration of the limitations period."  *Toliver v. Sullivan Cnty.*, 841 F.2d 41,

42 (2d Cir. 1988).

Corley contends that he submitted his complaint to the Southern District of

New York's *pro se* office before midnight on January 23, 2024 and filed an

amended complaint on January 24 at 12:17 a.m. to fix an error.  This finds some

support in an automated reply email Corley received from the *pro se* office on

7

January 23, 2024 at 11:50 p.m.  As the defendants observe, this does not conclusively establish that Corley transmitted his complaint on January 23, 2024. But, "[d]rawing all inferences in favor of the plaintiff and accepting all his allegations as true, . . . there [i]s some doubt as to whether the complaint was actually first received by the pro se office on" January 23, as Corley contends, or January 24, as the District Court found.  *See Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989).  Accepting Corley's version of events would mean that his claims are timely.  Under these circumstances, where there is some genuine ambiguity about the timing of a *pro se* litigant's filing, the statute of limitations defense is "inappropriate to resolve on a motion to dismiss."  *Michael Grecco Prods., Inc.*, 112 F.4th at 149–50 (quotation marks omitted); *see Ortiz*, 867 F.2d at 149.

We accordingly vacate the District Court's judgment insofar as it dismissed as time barred Corley's claims for unlawful imprisonment, religious infringement, and negligent infliction of emotional distress.[1]

---

[1] The District Court construed Corley's complaint as asserting some claims under 42 U.S.C. § 1986 and dismissed them as time barred.  We assume that any § 1986 claims overlap with Corley's other claims.  Insofar as Corley brought any claims under § 1986 and the District Court dismissed them as time barred, we affirm because the statute of limitations for such claims is one year.  *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001).

After dismissing Corley's federal claims, the District Court declined to exercise supplemental jurisdiction over Corley's state law product liability claim against Rantab and dismissed that claim as well. Because we vacate the dismissal of Corley's federal claims, we also vacate the judgment insofar as it dismissed the product liability claim.[2]

Finally, Corley challenges the District Court's ruling that he could not represent the estate of his unborn child and its refusal to appoint *pro bono* counsel. We affirm the District Court's ruling. Corley must be the sole beneficiary of his unborn child's estate in order to represent it as a *pro se* litigant, and the record before us does not support that conclusion. *See Clark v. Santander Bank, N.A.*, 122 F.4th 56, 60 (2d Cir. 2024); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010); *see also* N.Y. Est. Powers & Trusts § 4-1.1(a)(4). And the District Court properly exercised its discretion in declining to appoint *pro bono* counsel. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

---

[2] We note, too, that Corley pleaded complete diversity and sought damages against Rantab well in excess of $75,000.

9

We have considered the parties' remaining arguments and conclude that they are without merit.[3] For the foregoing reasons, the District Court's judgment is AFFIRMED in part and VACATED in part, and the cause is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[3] At oral argument, Corley requested that the Court reassign this case to a different district court judge on remand. The motion is denied.